UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 05-645 (JMF)** |
| | : | |
| v | : | |
| | : | |
| **CHARLES SCHOONOVER,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

### GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits the following memorandum to assist the Court in fashioning an appropriate sentence in this case.

### BACKGROUND

On November 29, 2005, at approximately 5:38 p.m., defendant, Charles Henry Schoonover, sent an e-mail message from his computer in Washington, D.C. to the editor of the El Paso Times in El Paso, Texas. In that e-mail message, defendant threatened the lives of Federal Bureau of Investigation ("FBI") Assistant Director Candice Will, her husband and their seven year old son, stating that they had "all been targeted for assassination." In the missive, defendant further went on to proclaim that Ms. Will would "be violently killed for [her alleged] complicity in covering up the attempted murder of [defendant], Juan Garcia Abrego, and Saddam Hussein, to name a few." The defendant then went to the effort of including Ms. Will's biography to underscore the seriousness of the threat.

On November 29, the El Paso Times Newspaper forwarded that e-mail to the FBI, which began an investigation. On November 30, FBI agents obtained a search warrant for defendant's

residence and seized three computers and some of defendant's writings from his home. The writings, in particular, gave the agents probable cause to believe that defendant had authored the threatening e-mail. On December 2, 2005, defendant was arrested and presented in District Court on one count of Threats in Interstate Commerce, in violation of 18 U.S.C. Section 875(c). On the government's motion pursuant to 18 U.S.C. Section 3142(f)(1)(K), the defendant was held without bond at presentment pending a detention hearing on December 6, 2005. At the detention hearing, Magistrate Judge Alan Kay released defendant on his personal recognizance so that defendant could arrange for the installation of a land line telephone in his apartment to enable defendant's subsequent placement into the High Intensity Supervision Program ("HISP"). On December 14, 2005, defendant was placed into HISP. Six days later, on December 20, defendant entered a pre-indictment plea of guilty to one count of Misdemeanor Attempted Threats, in violation of 22 D.C. Code, Sections 407 and 1803. This Court allowed defendant to remain in the community on the same conditions of release that had been previously imposed. [1]

## ARGUMENT

The government recommends that the Court impose a suspended sentence of 180 days and place defendant on a two year probationary term. Such a sentence is warranted by the nature and circumstances of the offense and the need to protect societal interests.

As noted in the Presentence Investigation Report, defendant is not subject to the Federal Rules of Criminal Procedure, the Federal Sentencing Guidelines or the District of Columbia Sentencing Guidelines because he has pled to Misdemeanor Attempted Threats, which is a District of Columbia misdemeanor offense. However, the sentencing factors enumerated in 18

---

[1] Defendant subsequently filed a Motion to Modify His Conditions of Release, in which he sought to have access to computers so that he could continue his volunteer work.

U.S.C. § 3553 provide a helpful framework in fashioning a reasonable sentence.

First, the nature and seriousness of the offense warrants the imposition of a substantial period of probation.  Here, the defendant pled guilty to Misdemeanor Attempted Threats for threatening Ms. Will.  It seems clear that defendant targeted Ms. Will because she is a public official.  But he went further than that.  Indeed, he specifically made mention of Ms. Will's husband and very young son and the area in which they live, making his threat all that much more personal and alarming.

Second, the government expended a great deal of time and resources in responding to the threat.  Because Ms. Will is a public figure, the government had to provide both Ms. Will and her family with round the clock security until the time of Mr. Schoonover's arrest.

Third,  a substantial period of probation is justified in this case to deter people from engaging in this kind of conduct.  The internet, although beneficial in many respects, has enabled defendants to select victims and make threats into cyberspace, while at the same time remaining anonymous.  These cyber-threats are incredibly menacing to the victims because often the victims do not know from whom or where the threat is coming.  Because of this great uncertainty, their lives are turned upside down as they try to figure out ways to protect themselves from a nameless, faceless danger.  Society has an interest in protecting people from such harm and discouraging defendants from engaging in this terrorizing behavior.

For the above reasons, the government respectfully recommends that the Court impose a suspended sentence of 180 days and place defendant on a period of two years' probation. As conditions of probation, the government recommends that defendant be (1) required to stay away from Ms. Will, her family, and her workplace; (2) evaluated for mental health treatment, and required to participate in treatment if it is deemed necessary, and (3) required to complete 250 hours of community service.

Respectfully submitted,
KENNETH L. WAINSTEIN
United States Attorney
Bar No. 451058

_____
Denise M. Clark
Assistant United States Attorney
Federal Major Crimes Section
D.C. Bar No. 479149
555 4th Street, N.W.  #4840
Washington, DC 20530
(202)353-8213; Fax: 353-9414

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of the foregoing to be served on the attorney for the defendant, Rita Bosworth, Esq., this 1st day of March, 2006.

_____
Denise M. Clark
Assistant United States Attorney